SOL GOTHARD, Judge.
The issue for our consideration in this matter arises from the Successions of Theodore Pierre Roussel and Elizabeth T. Roussel, and involves a protracted dispute among the heirs over ownership of certain family pictures. The actual judgment before us is the denial of a petition to accept a proposed tableau of distribution. For the following reasons, we affirm.
Theodore Pierre Roussel died intestate in 1941. His wife, Elizabeth T. Roussel, died testate in 1991. In her will Elizabeth made the following testamentary disposition:
To my beloved son, HAROLD P. ROUS-SEL, I hereby give and bequeath the original pictures of myself and my husband. Upon his death (Harold’s) the pictures are to be given to another family member (brother or sister) and are to remain in family possession.
After Harold’s death in 2000, Theodore J. Roussel, opened the successions of Theodore Pierre and Elizabeth, and was appointed as administrator of the estates. In that capacity, he filed a “Motion and Order to Secure Return of Property for Distribution to Heirs,” demanding that the family pictures given to Harold, now in the possession of Rose Mae Arcement[1], be returned to the estate. In her answer to the pleading, Ms. Arcement asserted that the photographs were hand delivered to Harold by Elizabeth before her death. After Elizabeth’s death in |31991 the remaining assets in the estate were informally divided among her heirs, the bills were paid, and it was decided that there was no need to open her estate. The answer further asserts that the detailed descriptive list filed by the administrator shows that the estate was relatively free from debt and contains only movable property. That matter went before the trial court, and on February 6, 2001, a judgment was entered finding the testamentary disposition by which Harold received the pictures a fidei-commissum. The reasons for judgment show that the trial court made the finding that the testamentary disposition only reveals a preference of the testator that the pictures go to another family member. Ultimately, the court found that “this is merely meant to go to Harold’s conscience and not to divest his own children of their grandparent’s legacy, to the benefit of his aunts and uncles.” On a second issue argued by the administrator regarding whether the pictures were part of the community between Elizabeth and Theodore, the trial court found “(t)he only issue before the court is whether Mrs. Roussel’s legacy to Harold is valid. Consequently, the paintings’ status as community property is not relevant.” An appeal taken from that judgment was dismissed as untimely by this court on July 18, 2002. Therefore the judgment is final.
On May 12, 2003, Theodore J., in his capacity as administrator of the estates of Elizabeth and Theodore Pierre Roussell, filed a “Petition for Authority to File Tableau of Distribution and to Pay Outstanding Debts.” The Proposed Tableau of Distribution again listed the pictures which were the subject of the earlier appeal. The tableau lists the pictures as community assets to be distributed to the legatees. Ms. Arcement filed an opposition to the *1090 proposed tableau of distribution, arguing that this is an unauthorized attempt to appeal the original judgment. She further argues that the $4,300.00 in legal fees listed in the proposed tableau is unwarranted because the estates were “frivolously opened, under the false pretense of the necessity of an administration, on non-existent assets, for the sole purpose of | intimidation the heirs of Harold P. Rous-sel estate (sic) for the return of the pictures.”
The trial court heard the matter and rendered judgment denying the adoption of the Proposed Tableau of Distribution. In the written reasons for judgment the court reiterated its ruling in the previous, and now final, judgment in this matter and found that the Proposed Tableau of Distribution is inappropriate in this case. The trial court found that:
At the time these succession proceedings were opened, the succession was absolved of all debts and assets (including funeral expenses paid over ten years ago and the pictures). Moreover, since we have concluded that the succession was unnecessarily opened, the attorney fees incurred in the opening of this succession can not be justified.
In brief to this court, plaintiff argues that judgment was rendered in error. Plaintiff assigns three errors for our review. We have reviewed the assignments of error and find them to be a rehashing of the same arguments made to the trial court before the first judgment was rendered in this matter. Essentially, the arguments are that the pictures were property of the community of acquets and gains between Theodore Pierre and Elizabeth, and the testamentary disposition of the pictures to Harold in Elizabeth’s will was not a fidei-commissum. Therefore, plaintiff argues they are assets of the estates of Theodore Pierre and Elizabeth and must be returned to the estates for distribution.
We find those issues have been previously decided by judgment of the trial court, which is now final. That judgment is valid and definitive and will not be revisited by this court. Accordingly, we find the trial court’s well-reasoned justification for the denial of the proposed tableau of distribution contains no error, and we affirm the judgment. Costs of this appeal are assessed to appellant.

AFFIRMED.

. The relationship between Rose Mae Arcement and the Roussels is not made clear in the record.